BOARD OF NATURAL RESOURCES AND CONSERVATION FOR THE STATE OF MONTANA, BOARD OF HEALTH AND ENVIRONMENTAL SCIENCES FOR THE STATE OF MONTANA, THE MONTANA POWER COMPANY, PUGET SOUND POWER & LIGHT COMPANY, PORTLAND GENERAL ELECTRIC COMPANY, THE WASHINGTON WATER POWER COMPANY, PACIFIC POWER & LIGHT COMPANY, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, DISTRICT COUNCIL LABORERS FOR THE STATE OF MONTANA, ALUMINUM WORKERS TRADES COUNCIL, MONTANA STATE COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINTERS AFL-CIO, JOINT COUNCIL OF TEAMSTERS, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, MONTANA STATE BUILDING AND CONSTRUCTION TRADES COUNCIL, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, MONTANA CATTLEMEN'S ASSOCIATION INTERNATIONAL, WESTERN ENVIRONMENTAL TRADE ASSOCIATION, UPPER MISSOURI GENERATION & TRANSMISSION ELECTRIC COOPERATIVE, AND CENTRAL MONTANA ELECTRIC GENERATION & TRANSMISSION COOPERATIVE, INC., APPELLANTS AND CROSS-RESPONDENTS, *v.* NORTHERN PLAINS RESOURCE COUNCIL AND NORTHERN CHEYENNE TRIBE, INC., RESPONDENTS AND CROSS-APPELLANTS.

Nos. 14215, 14294.
Sept. 17, 1979.
601 P.2d 28.

## ORDER

Whereas on April 10, 1979 this Court issued an Opinion in the above-entitled cases, affirming the District Court's opinion on Issues 5. 7, 8, 9, 10, 11 and 12, and reversing that court on Issues 1 and 2, noting that Issues 3, 4 and 6 had been rendered moot, and

Whereas, in said Opinion, we ordered the suspension of appel-

lants/cross-respondents' certificate of environmental compatibility and need pending a remand of the cases to the Board of Natural Resources for proceedings to cure certain procedural defects found by the District Court to have occurred during its hearings, and

Whereas, we ordered the Board of Natural Resources to:

(1) Make adequate findings of fact and conclusions of law with regard to:

(a) whether using Rosebud coal and not McKay coal represents minimum environmental impact, and the reasons therefor, and

(b) whether mine-mouth generation as opposed to load-center generation represents minimum environmental impact and the reasons therefor, including considerations as to relative energy efficiency and the relative impact of electrical transmission versus coal haulage, as required by section 70-810(1)(c), R.C.M.1947, now section 75-20-301(2)(c) MCA;

(2) Make adequate findings of fact and conclusions of law with regard to:

(a) clearly designating a transmission line corridor,

(b) why the Board of Natural Resources prefers the chosen corridor to the alternative corridors, and

(c) what state and local legal requirements must be met, and whether in fact they have been met as required by section 70-810 (1)(f), R.C.M. 1947, now section 75-20-201(2)(f) MCA; and

Whereas, in compliance with our directions, the Board of Natural Resources made and filed with this Court its "Additional Findings of Fact and Conclusions of Law" on June 6, 1979, and

Whereas, Northern Plains Resource Council and the Northern Cheyenne Tribe, Inc., objected to said "Additional Findings of Fact and Conclusions of Law" and requested argument on same, and

Whereas, on June 15, 1979, this Court ordered briefs to be filed and set the matter for hearing on July 20, 1979, and

Whereas, a full hearing was held and the matter was submitted to this Court on that date, and

542

Whereas, this Court has carefully examined each of the objections made by the petitioners herein particularly directed to the amended findings of fact and conclusions of law made by the Board of Natural Resources and find them without merit. In each of the findings and conclusions returned to the Board for additional information to cure the procedural defects found, the Board has supplied the information to cure said procedural defects in its "Additional Findings of Fact and Conclusions of Law" filed June 6, 1979.

IT IS THEREFORE ORDERED that the suspension of the conditional certificate of environmental compatibility and public need is removed and that the decisions of the Board of Natural Resources and the Board of Health are affirmed.

MR. JUSTICE HARRISON, L. C. GULBRANDSON, sitting for MR. CHIEF JUSTICE HASWELL, and B. W. THOMAS, sitting for MR. JUSTICE DALY, District Judges, concur.

MR. JUSTICE SHEA and H. WILLIAM CODER, sitting for MR. JUSTICE SHEEHY, District Judge, dissent.